# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MILTON ISAIAH, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV0230 HEA |
| | ) | |
| CITY OF PINE LAWN, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Ricky Collins and Sylvester Caldwell's Motion to Dismiss [ECF No. 4]. Plaintiffs Milton Isaiah and Joseph Goforth ("Plaintiffs") filed an opposition [ECF No. 8], to which Defendants Caldwell and Collins replied [ECF No. 9]. Additionally, Defendant City of Pine Lawn has filed a Motion for Summary Judgment [ECF No. 5], to which Plaintiff's filed an opposition [ECF No. 10].

## I. Factual Background

Plaintiffs Milton Isaiah and Joseph Goforth are former police officers of the City of Pine Lawn. The City Pine Lawn is a municipal corporation with corporate headquarters in St. Louis County, Missouri, and is thus, a citizen of the State of Missouri. Defendant Caldwell is the current mayor of the City of Pine Lawn, and Defendant Collins is the current Chief of Police of Pine Lawn, and both were in

those positions at all relevant times herein. Plaintiff Isaiah was hired by Pine Lawn to be a policeman in the Pine Lawn Police Department in 2000. He was assigned as a patrolman until his February 14, 2011 termination. Plaintiff Goforth was hired by Pine Lawn to be a policeman in the Pine Lawn Police Department in 1999. He was assigned as a patrolman until his termination on February 14, 2011.

Plaintiffs' Complaint includes three (3) counts: Violation of Public Policy on behalf of Milton Isaiah (Count I); Violation of Public Policy on behalf of Joseph Goforth; and 42 U.S.C. Retaliation in Violation of First Amendment & Whistle-Blowing. No discovery has been conducted in this case. On December 21, 2013, Plaintiffs filed a Motion for Leave to file Deposition Notices pursuant to Federal Rule of Civil Procedure 26(b)(2) [ECF No. 11]. Defendants opposed the motion [ECF No. 13]; however, the Court granted Plaintiffs' motion on January 11, 2013 [ECF No. 14]. Defendants Collins and Caldwell still have not been produced for deposition–according to the individual Defendants–due to their pending Motion to Dismiss. At this time, no Rule 26(a)(1) initial disclosures and/or written discovery requests have been exchanged.

## II. Defendants Collins and Caldwell's Motion to Dismiss

### Legal Standard

A complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

## Discussion

Defendants argue that Caldwell and Collins should be dismissed for the following reasons: (1) Defendants Mayor Caldwell and Police Chief Collins were not Plaintiff's employers; (2) Defendants Mayor Caldwell and Police Chief Collins have official immunity; and (3) Defendants Mayor Caldwell and Police Chief Collins have qualified immunity.

Under Missouri law, a former employee can only bring a public-policy wrongful discharge cause of action against a former employer. *Taylor v. St. Louis County Board of election Commissioners, et al.* 625 F.3d 1025, 1027 (8th Cir. 2010). Generally, in Missouri, the "right of control" determines whether an employer/employee relationship exists. *Id.* The factors that determine the right of control are extent of control, actual exercise of control, duration of employment, right to discharge, method of payment for services, furnishing of equipment,

3

whether the work is part of regular business of the employer, and the contract of employment. *Id.* at 1028. No one factor is controlling, however, each may be considered relevant to the issue. *Id.*

Plaintiffs' Complaint alleges that at various times while they were patrolmen, Defendant Collins ordered them, with malice and in bad faith, to perform their job in a manner that was a direct violation of the United States Constitution, the Missouri Constitution and other federal and state laws in that they were to arrest individuals and to ignore their due process rights. Further, Plaintiffs allege they were fired as a direct and proximate result of their refusal to engage in the conduct prescribed by Defendant Collins. Additionally, Plaintiffs allege that they were not given a hearing under the local City of Pine Lawn code as a tenured officer under the police force is entitled. Plaintiffs allege that Defendants joint request to fire Plaintiffs, which Defendants submitted to the authoritative bodies of the City of Pine Lawn who ultimately fired them, was in bad faith and malice, and a violation to Plaintiffs' constitutional rights.

In order to survive a 12(b)(6) motion, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Plaintiffs claims which are outlined above meet this standard. The Court finds that Plaintiffs' claims, at the very least, are "enough to

raise a right to relief above the speculative level" for 12(b)(6) purposes. *Id.* at 1965. As such, Defendants Motion to Dismiss [ECF No. 4] is, at this time, denied without prejudice.

### III. Defendant City of Pine Lawn's Motion for Summary Judgment

### Legal Standard

This Court must grant summary judgment if, based upon the pleadings, admissions, depositions and affidavits, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Board of Educ., Island Trees Union Free Sch. Dist. No. 26 v. Pico*, 457 U.S. 853, 863 (1982). The moving party must initially demonstrate the absence of an issue for trial. *Celotex Corp.*, 477 U.S. at 323. Any doubt as to the existence of a material fact must be resolved in favor of the party opposing the motion. *Board of Educ. v. Pico*, 457 U.S. at 863. Nevertheless, once a motion is properly made and supported, the non-moving party may not rest upon the allegations in his pleadings but must instead set forth specific facts showing that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 257 (1986) (citing Fed. R. Civ. P. 56(e)). Summary judgment must be granted to the movant if, after adequate time for discovery, the non-moving party fails to produce

any proof to establish an element essential to the party's case and upon which the party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322-24.

## Discussion

Defendant City of Pine Lawn argues that it is entitled to summary judgment as to the common law wrongful termination claims alleged in Plaintiffs' Counts I and II because it has sovereign immunity from such claims. Additionally, Defendant City of Pine Lawn argues that Plaintiffs' Complaint fails as a matter of law because Plaintiffs have not alleged an actionable First Amendment violation.

While the Court certainly appreciates the arguments raised by the Defendants, the arguments are premature at this time, as there has been no discovery conducted thus far. Defendants' cite sturdy case law; however, essentially all of the cases cited were cases where cases where the parties had submitted substantive evidence regarding the nature of the claims and the relative facts. At this point, there are almost no facts before the Court so it would be premature to rule that there are no issues of material fact. As such, at this time, Defendants' Motion for Summary Judgment [ECF No. 5] is denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Motion to Dismiss [ECF No. 4] is, at this time, denied without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [ECF No. 5] is denied without prejudice.

Dated this 13th day of February, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE